UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Samar Company, Inc.<br>      Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc. and<br>Waxman Industries, Inc.,<br>      Defendants. | CASE NO:<br><br>COMPLAINT |

Plaintiff, Samar Company, Inc., for its complaint against Defendants, Wal-Mart Stores, Inc. and Waxman Industries, Inc., alleges as follows:

1. Plaintiff, Samar Company, Inc., is a Massachusetts corporation having a principal place of business at 220 Cushing Street, Stoughton, MA 02072.

2. On information and belief, defendant, Wal-Mart Stores, Inc., is a Delaware corporation having a principal place of business at 702 SW 8th Street, Bentonville, AK 72716 (hereinafter "Defendant Wal-Mart").

3. On information and belief, Waxman Industries, Inc., is a Delaware corporation having a principal place of business at 24460 Aurora Road, Bedford Heights, Ohio 44146 (hereinafter "Defendant Waxman").

4. This Court has jurisdiction over the subject matter jurisdiction of this action pursuant to 28 U.S.C. §1338 with respect to federal law claims arising under 15 U.S.C. §1114 and §1125. This Court has jurisdiction over the state law claim arising under M.G.L. §93 based upon the doctrine of pendant jurisdiction.

5. This Court has personal jurisdiction over Defendant Wal-Mart based upon its contacts with this forum, including but not limited to, selling infringing product within the Commonwealth of Massachusetts.

6. This Court has personal jurisdiction over Defendant Waxman based upon its contacts with this forum, including but not limited to, selling infringing products to Defendant Wal-Mart with knowledge that such infringing products are and/or might be shipped to and sold by a store located within the Commonwealth of Massachusetts..

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(2).

## GENERAL ALLEGATION FACTS

8. Plaintiff is the sole owner of U.S. Reg. No. 4,443,411 for the mark BURST FREE in connection with washing machine hoses (hereinafter the "Registered Mark"). A copy of Registered Mark is attached hereto as Exhibit A.

9. The Registered Mark is valid and enforceable.

10. For more then nine (9) years, plaintiff has been manufacturing, marketing, and selling washing machine hoses made in the USA under the Registered Mark to big box retailers, including Lowes® and Ace Hardware®, throughout the United States.

11. Plaintiff's BURST FREE® brand washing machine hoses have enjoyed significant commercial success and are well known in the plumbing industry.

## COUNT I: VIOLATION OF 35 U.S.C. §1114(1)(a) - COUNTERFEIT MARK

12. Plaintiff re-alleges Paragraphs 1-11 of this Complaint as if fully set forth herein.

13. Upon information and belief, Defendant Wal-Mart is marketing and selling washing machine hoses under the mark "Burst Free" at its various retail stores located throughout the United States, including Massachusetts, and its online store (www.walmart.com). A copy of the infringing product purchased by plaintiff at one of Defendant Wal-Mart's stores located in Massachusetts and its packaging is attached hereto as Exhibit B (hereinafter collectively the "Product"). A copy of an online advertisement for the Product by Defendant Wal-Mart at its online store is attached hereto as Exhibit C.

14. On information and belief, Defendant Waxman has and continues to supply the Product to Defendant Wal-Mart.

15. The Product displayed with its mark Burst Free is a high quality counterfeit of plaintiff's Registered Mark (hereinafter the "Counterfeit Mark").

16. Plaintiff has not authorized Defendant Wal-mart and/or Defendant Waxman to use the Registered Mark in connection with the marketing and/or sale of any product.

17. Defendant's use of the Counterfeit Mark to market and sell washing machine hoses is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendant's Counterfeit Product is made by, sponsored by, and or affiliated with plaintiff's genuine washing machine hoses.

18. Defendant Wal-Mart and Defendant Waxman's use of the Counterfeit Mark in connection with the marketing and sale of washing machine hoses constitutes counterfeit infringement of plaintiff's Registered Mark in violation of 15 U.S.C. §1114(1)(a).

19.     Defendant Wal-Mart and Defendant Waxman's use of the Counterfeit Marks to market and sell washing machine hoses has and continues to cause plaintiff irreparable harm.

20.     Defendant Wal-Mart and Defendant Waxman's use of the Counterfeit Marks to market and sell washing machine hoses has and continues to cause plaintiff monetary damage.

COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114(1)(a)

21.     Plaintiff re-alleges the allegations of Paragraphs 1-20 of this Complaint as if fully set forth herein.

22.     Defendant Wal-Mart's and Defendant Waxman's marketing and selling of washing machine hoses under the mark BURST FREE creates a substantial likelihood of confusion with plaintiff's sale of washing machine hoses under the Registered Mark.

23.     Defendant Wal-Mart's and Defendant's Waxman's marketing and selling of washing machine hoses under the mark BURST FREE constitutes trademark infringement of U.S. Reg. No. 4,443,411 under 15 U.S.C. §1114(1)(a).

24.     As a result of Defendant Wal-Mart's and Defendant Waxman's infringement, Plaintiff has and continues to suffer irreparable harm.

25.     As a result of Defendant Wal-Mart's and Defendant Waxman's infringement, Plaintiff has and continues to suffer monetary damages.

## COUNT III: VIOLATION OF 15 U.S.C. §1125(a)

26.  Plaintiff re-alleges the allegations of Paragraphs 1-25 of this Complaint as if fully set forth herein.

27.  Defendant Wal-Mart's and Defendant's Waxman's use of the mark BURST FREE in connection with washing machine hoses is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that their washing machine hose is made by, sponsored by, and or affiliated with plaintiff and/or its washing machine hose sold under the Registered Mark.

28.  Defendant Wal-Mart's and Defendant's Waxman's marketing and selling of washing machine hoses under the mark BURST FREE constitutes a violation of 15 U.S.C. §1125(a).

29.  As a result of Defendant Wal-Mart's and Defendant Waxman's infringement, plaintiff has and continues to suffer irreparable harm.

30.  As a result of Defendant Wal-Mart's and Defendant Waxman's infringement, plaintiff has and continues to suffer monetary damages.

## COUNT IV: VIOLATION OF M.G.L. §93

31.  Plaintiff re-alleges the allegations of Paragraphs 1-30 of this Complaint as if fully set forth herein.

32.  The counterfeit and infringement actions of Defendants Wal-Mart and Waxman committed within the Commonwealth of Massachusetts constitute unfair and deceptive practices in violation of M.G.L. §93.

33.     Plaintiff has incurred and continues to incur irreparable harm as a result of the unfair and/or deceptive practices taken by Defendants Wal-Mart and Waxman.

34.     Plaintiff has incurred and continues to incur monetary damage as a result of the unfair and/or deceptive practices taken by Defendants Wal-Mart and Waxman.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to grant it the following relief against Defendant Wal-Mart and Defendant Waxman:

1.      A temporary restraining order preventing Defendant Wal-Mart and Defendant Waxman from marketing and selling any washing machine hoses under the mark BURST FREE;

2.      A preliminary injunction preventing Defendant Wal-Mart and Defendant Waxman from marketing and selling any washing machine hoses under the mark BURST FREE;

3.      A permanent injunction preventing Defendant Wal-Mart and Defendant Waxman from marketing and selling any washing machine hoses under the mark BURST FREE;

4.      An order instructing Defendant Wal-Mart and Defendant Waxman to destroy all existing inventory of the infringing product and provide written confirmation to Plaintiff;

5.      An award of the lost profits of Plaintiff as may be proved at trial;

6.      An award of the profits of Defendant Wal-Mart and Defendant Waxman as may be proved at trial;

7. An award of statutory damages in the amount of $200,000 for the use of the Counterfeit Mark by Defendant Wal-Mart;

8. An award of statutory damages in the amount of $200,000 for the use of the Counterfeit Mark by Defendant Waxman;

9. An award of the plaintiff's costs in this action; and

10. Such other relief as this Court deems equitable and just.

<u>REQUEST FOR JURY TRIAL</u>

Plaintiff requests a jury trial on all issues so triable by a jury.

Respectfully submitted,

Samar Company, Inc.,
By its attorney,

Dated: 11/28/2016

<u>/s/ *Steven N. Fox*</u>
Steven N. Fox, Esq.
62 South Main Street
Sharon, MA 02067
Voice: 781-781-8920
E-Mail: sfox@foxpatent.com